UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CURT ALLEN LUNDGREN II,

Plaintiff,

v.

Commissioner of Social Security,

Defendant.

Case No. 1:18-cv-01033-JDP

ORDER ON SOCIAL SECURITY APPEAL

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of his application for a period of disability and disability insurance benefits. On October 22, 2019, I heard argument from the parties. Having considered the parties' arguments, the record, and applicable law, I will remand this matter for further consideration by the Administrative Law Judge ("ALJ").

On appeal, I ask whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the proper legal standards. 42 U.S.C. § 405(g). Claimant argues that remand is required to correct alleged flaws in the ALJ's evaluation of the opinions of two doctors: Bruce E. Fishman, an orthopedic surgeon who examined claimant and who had served as an Agreed Medical Examiner in the context of a workers' compensation claim, and Marshall S. Lewis, claimant's treating physician. The ALJ accorded no weight to the opinions of Dr. Fishman and "little weight" to Dr. Lewis' opinion.

In evaluating whether an ALJ's decision to discount the opinion of a doctor is supported by substantial evidence, the applicable standard depends on the extent of contact that the doctor

1

had with the claimant and whether the doctor's opinion is contradicted by that of another doctor. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Here, as discussed at oral argument, the same standard applies for both doctors[1]: the ALJ may reject their opinions only for "specific and legitimate reasons" supported by substantial evidence. *See id.*

As best I can determine, the ALJ rejected the opinions of Dr. Fishman because she found them to be (1) "self-contradictory and inconsistent"; (2) "not supported by clinical evidence of symptomatology supporting greater limitations in the claimant's ability to lift, carry, push, or pull"; (3) "predicated on a set of considerations found in the Worker's Compensation system"; (4) generally undergirded by "insufficient objective support" and dependent on claimant's "self-reported complaints, rather than on imaging, clinical reports, or other medical evidence"; and (5) devoid of a "function-by-function determination, with regard to the claimant's residual capacity." AR 20.

Although the ALJ provided a host of reasons for rejecting Dr. Fishman's opinions, several are problematic. The ALJ's first two stated reasons—internal inconsistency and lack of evidence for limits on lifting, carrying, pushing and pulling—appear to stem from a mistaken belief that Dr. Fishman completed the two "Functional Capacities Assessment" forms included with his April 5, 2013 opinion. AR 706, 708. In fact, claimant—rather than the doctor—filled out these forms, and any internal contradictions or lack of supporting clinical evidence can hardly be held against Dr. Fishman.[2]

The ALJ's third[3] reason for rejecting Dr. Fishman's opinion is that it originated from the workers' compensation context. This reason is troubling, and ultimately unsound. The criteria

---

[1] In the Ninth Circuit, doctors are classified either as treating doctors, examining but not treating doctors, or non-examining doctors, with treating doctors' opinions generally accorded the most weight. Although the ALJ described Dr. Fishman as a treating physician, AR 19, claimant concedes that he is better classified as an examining physician. Dr. Lewis was a treating doctor. Both doctors' opinions were contradicted—for example by the opinion of Dr. Rajeswari Kumar, see AR 22-23—and the "specific and legitimate" standard applies to both. *See Lester*, 81 F.3d at 830.
[2] The ALJ's mistake is understandable. Only claimant's signature shows that he completed the form, and his handwriting is hard to make out, except for the "II" at the end of his name.
[3] Here, and throughout this order, I am using my own numbering system, laid out two paragraphs above.

2

determining workers' compensation eligibility differ from those that drive an SSA disability determination, see *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988), and a disability determination in a workers' compensation proceeding does not bind SSA, but this does not necessarily mean that "observations and findings made in [reports from the workers' compensation process] . . . are . . . of limited probative value" in disability proceedings. AR 21 n.1. Instead, records generated by doctors in workers' compensation proceedings should be treated like other medical records in evidence before the ALJ. To the extent that the ALJ discounted Dr. Fishman's opinions simply because they came from the workers' compensation context, the ALJ erred. *See Bowser v. Comm'r of Soc. Sec.*, 121 F. App'x 231, 241-44 (9th Cir. 2005) ("[T]he ALJ may not ignore a doctor's medical opinion merely because it was issued in a workers' compensation context[; i]nstead, the objective medical findings contained in such opinions are to be evaluated as any other medical opinion."); *Carter v. Chater*, 99 F.3d 1145, n.1 (9th Cir. 1996) (unpublished) ("[T]he ALJ erred by considering the fact that most of Carter's medical records were generated for her Workers' Compensation claim.").

The ALJ's remaining reasons for rejecting Dr. Fishman's opinions are not enough to convince me that the above-discussed errors were harmless, since I have no way to know whether the ALJ's disability determination would have been different had she recognized that claimant completed the assessment forms that she found to be internally inconsistent, or had she appreciated the need to evaluate a medical opinion from the workers' compensation process under the routine criteria that guide the weighing of medical opinions in this circuit. Remand is therefore required.

In case it is helpful on remand, I will briefly address the ALJ's consideration of Dr. Lewis' opinion. I find that the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for discounting this opinion. The ALJ discusses Dr. Lewis' statements over the course of several pages—AR 21-22, 24-25—and summarizes her reasons for according his opinion little weight in a 13-line paragraph. She provides several reasons for discounting his opinion, including (1) a perceived mismatch between the severity of the limitations that Dr. Lewis attributes to claimant and the minimal follow-up treatment

recommended, (2) a lack of clinical support for purported upper extremity limitations, (3) a lack of mental health treatment that might have supported a mental health impairment, and (4) the delay between Dr. Lewis' assessment and his last treatment of claimant. These stated reasons find support in the record.

For the reasons stated in this opinion, I remand this case so that SSA can consider appropriately the opinion of Dr. Fishman. The clerk of court is directed (1) to enter judgment in favor of claimant Curt Allen Lundgren II and against defendant Commissioner of Social Security, and (2) to close this case.

IT IS SO ORDERED.

Dated: October 30, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 200.

4